# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | : | |
|---|---|---|
| JONATAN NATANAEL CANCHE LOPEZ | : | |
| Petitioner, | : | |
| v. | : | C.A. No. 19-1001-LPS |
| BASTY YAMID CAMEL BAMACA | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

WHEREAS, Jonatan Natanael Canche Lopez ("Petitioner"), a citizen of Mexico residing in the Mexican State of Quintana Roo, filed a petition on May 30, 2019 (D.I. 2) seeking return of his three-year old daughter, J.Y.C.C. ("Child"), pursuant to the Hague Convention on the Civil Aspects of International Child Abduction ("Hague Convention"), *see Convention on the Civil Aspects of Int'l Child Abduction*, Oct. 25, 1980, T.I.A.S. No. 11670; *see also* 22 U.S.C. §§ 9001-9011 (implementing Hague Convention);

WHEREAS, Basty Yamid Camel Bamaca ("Respondent"), a citizen of Guatemala – who is the mother of Child and married to Petitioner – is alleged by Petitioner to have wrongfully removed Child to the United States in December 2018 and to have wrongfully retained Child in the United States since that date;

WHEREAS, Petitioner bears the burden to establish by a preponderance of the evidence the wrongful removal and/or retention under the Hague Convention, *see* 22 U.S.C. 9003;

WHEREAS, the Court in this case must determine: "(1) when the removal or retention took place; (2) the child's habitual residence immediately prior to such removal or retention;

(3) whether the removal or retention breached the petitioner's custodial rights under the law of the child's habitual residence; and (4) whether the petitioner was exercising his or her custody rights at the time of removal or retention," *Tsai-Yi Yang v. Fu-Chiang Tsui*, 499 F.3d 259, 270-71 (3d Cir. 2009);

WHEREAS, the parties to this action have stipulated to Petitioner's establishment of the first three prongs of this standard and agree, therefore, that the Court need assess only the fourth prong of the Hague Convention analysis: that is, whether Petitioner was exercising his custody rights at the time of removal or retention (D.I. 61; D.I. 69 at 3; 11/26/19 Tr. at 4; 11/7/19 Tr. at 14);

WHEREAS, Respondent has further stipulated that: "(a) Mr. Lopez is Child's father; (b) the law of Quintana Roo, Mexico gives Mr. Lopez custody rights over Child; (c) at the Time of Removal, no Mexican court had annulled Mr. Lopez's custody rights over Child; and therefore (d) Ms. Bamaca's removal of Child to the United States at the Time of Removal breached Mr. Lopez's custody rights under the law of Quintana Roo, Mexico" (D.I. 71 at 5);

WHEREAS, "once the petitioner has proven his or her case, the burden shifts to the respondent to prove an affirmative defense against the return of the child to the country of habitual residence," and "even where a defense applies, the court has the discretion to order the child's return." *Tsai-Yi Yang*, 499 F.3d at 271;

WHEREAS, Respondent Bamaca raises the following two affirmative defenses:

> **First Affirmative Defense: Failure to State a Claim**
> The Petition fails to state a claim upon which relief may be granted in that the Petition does not plead facts to establish wrongful removal by a preponderance of the evidence as required under Article 3 of the Hague Convention and 22 U.S.C. § 9003(e)(1)(A).
>
> **Second Affirmative Defense: Non-Exercise of Custody Rights**
> [Respondent] will establish by a preponderance of the evidence that

2

> [Petitioner] was not exercising his custody rights at the time of removal or retention as articulated in Article 13(a) of the Hague Convention and 22 U.S.C. § 9003(e)(2)(B).

(D.I. 32 at ¶¶ 38-39)

WHEREAS Petitioner has filed a "Motion to Find Original Petition (D.I. 2) Sufficient or Amend" (D.I. 72) and has further requested the opportunity to conform the Petition to the evidence (12/4/2019 Tr. at 12, 122-23);

WHEREAS the Court held an evidentiary hearing on December 4, 2019, observing direct, cross, and redirect testimony from both Petitioner Lopez (by telephone from Mexico) and Respondent Bamaca, with the assistance of two Spanish-English interpreters, and with the Child present in the courtroom;

WHEREAS, the following exhibits used at the evidentiary hearing are ADMITTED into evidence, consistent with the Court's rulings at the hearing and the parties' subsequent representations in a joint letter filed December 9, 2019 (D.I. 77): PTX-1, PTX-2, PTX-3, PTX-5, PTX-6, PTX-10, PTX-24, PTX-25, PTX-26 (under seal), PTX-29 (under seal), PTX-31, DTX-1, DTX-4, DTX-6, and DTX-8;

WHEREAS the Court has considered the parties' pre-hearing briefs, Proposed Pretrial Order, related filings, and authority cited therein (*see* D.I. 69, 70, 71, 72, 74, 75, 76);

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. Petitioner's motion to amend the Petition (D.I. 72), and requests to conform the Petition to evidence, are **DENIED AS MOOT**. The Petition adequately pleads a claim of wrongful removal and/or wrongful retention. Petitioner need only state a plausible right to relief based on the assumption that his well-pleaded factual allegations are true, and here he does.

Although Respondent acknowledges that satisfying the pleading standard requires "very little" of Petitioner (D.I. 71 at 6; *see also* D.I. 74 at 3 ("Generally speaking, the pleading standard

for actual exercise of custody rights is low.")), she argues he fails to allege "evidence of physically caring for Child" (D.I. 71 at 6; *see also* D.I. 74 at 2). Even assuming (without deciding) that this is required, the Petition does so by alleging that the Child "lived in a home with Petitioner" (D.I. 2 at ¶ 10), that Petitioner "has appropriately parented Child and appropriately provided for Child's needs" (*id.* at ¶ 14), and that he has "never abused or neglected" the Child (*id.* at ¶ 15).

2. The Court will hear argument on **January 23, 2020 at 3:00 p.m.** Each side will be allocated 45 minutes for its presentation.

3. In advance of the argument, the parties shall simultaneously submit letter briefs (which may be single-spaced), of no greater than five and three pages, respectively, on January 13 and 17, 2020, addressing the following:

   a. Whether *Baxter v. Baxter*, 423 F.3d 363, 369-70 (3d Cir. 2005) "blended the Article 3 and Article 13(a) standards" for assessing whether a petitioner actually exercised custodial rights at the time of removal and/or retention, contrary to Respondent's argument that "[w]hile some courts in some circuits have blended Article 3 and Article 13(a) standards, there is not a case in the Third Circuit that has done so" (D.I. 74 at 4);

   b. Whether, assuming the Court credits Respondent's testimony that Petitioner lived with Child and at least occasionally (i) paid for prenatal healthcare costs and attended a doctor's visit with Respondent (12/4/19 Tr. at 71), (ii) went to the park with Child (*id.* at 77), (iii) went out on Sundays to eat with Respondent and Child (*id.* at 78), (iv) prepared meals for Child (*id.* at 79-80, 87), (v) disciplined Child (*id.* at 80), (vi) took

4

Child to see the doctor (*id.* at 87-88), and (vii) sent money to Child after Respondent left for Guatemala (*id.* at 88), and further assuming that with respect to the affirmative defense the Court will analyze if Petitioner was exercising parental rights by applying the Quintana Roo Civil Code obligations identified by Respondent (*see* D.I. 71 at 7), whether the Court must nonetheless grant the Petition, as the only conclusion that could be justified on this record is that Petitioner was exercising his custody rights; and

c. Whether either party seeks to present any additional evidence and, if so, from whom?

December 13, 2019  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT JUDGE